In re: **CHARLOTTE RUSSE, INC., FAIR AND ACCURATE CREDIT TRANSACTIONS ACT (FACTA) LITIGATION**

**Frida Najarian v. Charlotte Russe, Inc., et al., C.D. California, C.A. 2:07–501**

**Alison Lampenfeld v. Charlotte Russe Holding, Inc., et al., W.D. Pennsylvania, C.A. No. 2:07–355**

**MDL No. 1864.**

United States Judicial Panel on Multidistrict Litigation.

Aug. 30, 2007.

Before D. LOWELL JENSEN, ROBERT L. MILLER, JR., DAVID R. HANSEN, J. FREDERICK MOTZ, KATHRYN H. VRATIL, ANTHONY J. SCIRICA\*, Judges of the Panel.

#### TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel** \*: Common defendant Charlotte Russe, Inc. (Charlotte Russe) has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Central District of California. This litigation currently consists of two actions, one action each in the Central District of Cali-

---

\* Judge Scirica did not participate in the deci-      sion of this matter.

fornia and the Western District of Pennsylvania.[1]

Plaintiff in the Central District of California action opposes centralization unless the Ninth Circuit overrules the Central District of California court's denial of class certification; if that occurs, she agrees that centralization would be appropriate. Plaintiff in the Western District of Pennsylvania action opposes centralization, and alternatively suggests centralization in the Western District of Pennsylvania.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Each action involves allegations that Charlotte Russe's printing of certain credit and debit card information on customer receipts violated the Fair and Accurate Credit Transactions Act. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

In opposition to centralization, the Western District of Pennsylvania plaintiff argues that, since class certification was denied by Judge R. Gary Klausner in the Central District of California action, only one action is currently pending as a class action. Discovery regarding class certification, this plaintiff maintains, is thus only necessary in the Western District of Pennsylvania action, and centralization would lead to unnecessary involvement and increased discovery costs for the Central District of California parties. The Western District of Pennsylvania plaintiff further argues that centralization in the Central District of California would mean certain denial of class certification in the Western District of Pennsylvania action, without her input.

This position is unconvincing. The denial of class certification in the Central District of California action is currently on appeal to the Ninth Circuit, and the potential tag-along action in the Northern District of Illinois, like the Western District of Pennsylvania action, is a purported nationwide class action. Therefore, two purported class actions are currently pending. In any event, a denial of class certification in the Western District of Pennsylvania action by Judge Klausner is not a foregone conclusion. If there are issues that were not considered by Judge Klausner in his ruling on class certification, the parties to the Western District of Pennsylvania action can certainly bring their own class certification motion before Judge Klausner.

We are persuaded that the Central District of California is an appropriate transferee forum for this litigation, because (1) the Central District of California action is the earliest filed and most advanced action; (2) documents and witnesses will likely be located in California because Charlotte Russe's headquarters are located there; and (3) Judge Klausner has had an opportunity to familiarize himself with the issues in this litigation and has been presiding over the Central District of California action expeditiously.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending in the Western District of Pennsylvania is transferred to the Central District of California and, with the consent of that court, assigned to the Honorable R. Gary Klausner for coordinated or consoli-

---

1. The Panel also has been notified that a related nationwide class action has been filed in the Northern District of Illinois. This action will be treated as a potential tag-along action. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

dated pretrial proceedings with the action pending there.